O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN T.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[2] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:18-cv-02271-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On October 24, 2018, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying his application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

## PROCEDURAL HISTORY

On March 22, 2016, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning on January 29, 2016. (Administrative Record [AR] 34, 186-89.) Plaintiff alleged disability due to a back injury, a herniated disc, a tear in his back, spinal stenosis, arthritis in the back, a sprain in the back, a strain in the back, post-traumatic stress disorder, and anxiety. (AR 85-86, 98.) After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 122-23.) At a hearing held on March 6, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 50-84.)

In a decision issued on October 16, 2017, the ALJ denied Plaintiff's application after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 34-45.) Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of January 29, 2016. (AR 36.) He had severe impairments consisting of "degenerative disc disease of the lumbar spine, status post fusion and laminectomy; obesity; degenerative disc disease of the thoracic spine; degenerative disc disease of the cervical spine; affective disorders variously diagnosed as depressive, bipolar and unspecified mood disorders; anxiety; panic disorder; obsessive-compulsive disorder (OCD); and a history of alcohol abuse." (*Id*.) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 37.) He had a residual functional capacity to perform sedentary work with several additional postural and non-exertional limitations. (AR 38.) He could no longer perform his past relevant work as a landscape contractor and landscape gardener. (AR 43.) However, he could perform other work in the national economy, in the occupations of final assembler,

///

sorter, and assembler. (AR 44.) Thus, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (*Id.*)

On September 14, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUE

The parties raise the following disputed issue: whether the ALJ properly evaluated the opinion of the orthopedic consultative examiner, Dr. Schoene. (ECF No. 26, Parties' Joint Stipulation ["Joint Stip."] at 4.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

///

///

# DISCUSSION

## I. Residual Functional Capacity and the Examining Physician's Opinion.

### A. Legal Standards.

A claimant's residual functional capacity ("RFC") represents the most he can do despite his limitations. 20 C.F.R. § 404.1545(a)(1); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996). An ALJ's RFC determination "must set out *all* the limitations and restrictions of the particular claimant." *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (emphasis in original). An ALJ will assess a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *7.

Specifically, before rejecting the uncontradicted opinion of an examining physician, an ALJ must provide "clear and convincing" reasons. But where the examining physician's opinion is contradicted by that of another doctor, the ALJ must provide "specific and legitimate" reasons that are supported by substantial evidence in the record. *See, e.g., Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Here, because the examining physician's opinion conflicted with the opinions of two state agency physicians (AR 93-94, 106-08), the ALJ was required to articulate specific and legitimate reasons based on substantial evidence before rejecting, in whole or in part, the examining psychiatrist's opinion. *See Andrews*, 53 F.3d 1035, 1042 (9th Cir. 1995) (emphasizing that where there is

///

evidence conflicting with the examining physician's opinion, the ALJ is obliged to state specific and legitimate reasons to reject that opinion).

**B.     Background.**

In June 2016, Dr. Schoene, an examining physician, conducted a complete orthopedic evaluation of Plaintiff.  (AR 292-96.)  In January 2016, Plaintiff had started feeling "tremendous pain" in his lower back.  (AR 292.)  In April 2016, he had a lumbar spine fusion and disc replacement, which postoperatively led to a staph infection.  (AR 292, 295.)  He continued to feel pain following the surgery.  (AR 293.)

After conducting a physical and neurological evaluation, Dr. Schoene recommended that Plaintiff be limited as follows:  he can lift or carry 20 pounds occasionally and 10 pounds frequently; can stand or walk for four hours in an eight-hour workday; *can sit for four hours in an eight-hour workday*; can do unlimited pushing or pulling; can frequently perform postural functions; and has no manipulative, visual, communicative, or environmental limitations.  (AR 295.)

In his decision, the ALJ gave "partial weight" to Dr. Schoene's opinion without further explanation.  (AR 42.)  The ALJ determined that Plaintiff had a residual functional capacity for sedentary work, but without any limitations in sitting.  (AR 38.)

**C.     Analysis.**

It is well-settled that, under the Commissioner's definition of sedentary work, a worker must be capable of sitting for at least six hours in an eight-hour workday. *See Vertigan v. Halter*, 260 F.3d 1044, 1052 (9th Cir. 2001) ("In a work environment requiring sedentary work, the Social Security Rules require necessary sitting as the ability to do such for six to eight hours a day.") (citing SSR 83-10, 1983 WL 31251, at *5 (for sedentary work, "sitting should generally total

approximately 6 hours of an 8-hour workday")); *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) ("Thus, to be physically able to work the full range of sedentary jobs, the worker must be able to sit through most or all of an eight hour day."); *see also* SSR 83-12, 1983 WL 31253, at *4 (noting the "prolonged sitting contemplated in the definition of sedentary work").

Dr. Schoene's opinion that Plaintiff could sit for a total of four hours in an eight-hour workday meant that Plaintiff could not perform all the essential functions of sedentary work. *See Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) ("[T]he Commissioner has expressly stated that a person who is unable to sit for prolonged periods of time is incapable of engaging in the full range of sedentary work."); *Raymond v. Astrue*, 280 F. App'x 595, 597-98 (9th Cir. 2008) ("[Plaintiff's] difficulty with sitting is a significant non-exertional limitation that limits her ability to perform the full range of sedentary work."); *Brown v. Bowen*, 710 F. Supp. 1303, 1306 n.4 (W.D. Wash. 1989) (citing cases where limitations in sitting to four or five hours per workday meant the worker was not capable of sedentary work); *Jennings v. Bowen*, 703 F. Supp. 833, 840 (D. Az. 1988) (holding that a limitation to sitting for a maximum of four or five hours in an eight-hour day meant that the claimant could not perform the prolonged sitting contemplated by sedentary work).

By determining that Plaintiff had a residual functional capacity for sedentary work without any limitation on sitting, the ALJ was required to state specific and legitimate reasons for why Dr. Schoene's medical opinion about Plaintiff's limited ability to sit was not adopted. *See* SSR 96-8P, 1996 WL 374184, at *7. The ALJ did not give any such reasons here. Thus, reversal is warranted.

The Commissioner contends that the ALJ's finding should be affirmed because the ALJ "implicitly discounted" Dr. Schoene's opinion by properly assessing other evidence, such as Plaintiff's own testimony and the opinions of other physicians who did not assess a sitting limitation. (Joint Stip. at 10.) The

6

Court disagrees. In the first place, an ALJ cannot "implicitly" discount a competent medical opinion that conflicts with the ALJ's RFC determination. *See* SSR 96-8P, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with the opinion from a medical source, the adjudicator *must explain* why the opinion was not adopted.") (emphasis added). Moreover, Plaintiff's own testimony did not establish he was capable of sedentary work; rather, he testified that he sits in a recliner to watch television during the day. (AR 64, 73-74.) This is not equivalent to the sitting required of a sedentary occupation. *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1197 (9th Cir. 2004) (rejecting the assumption that a claimant who watches television while standing or reclining can also sit for at least six hours in an eight-hour workday). Finally, the ALJ was not permitted to reject Dr. Schoene's opinion merely by relying on the opinions of other physicians who did not assess a sitting limitation. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) (holding that an ALJ erred by failing to reject explicitly the opinion of an examining physician and relying instead on the opinions of physicians who had different opinions). In sum, it remains the case that reversal is warranted.

## II. Remand for Further Administrative Proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found legal error based on the assessment of the examining physician's opinion, essential factual issues remain outstanding. The

record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

**ORDER**

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: January 28, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE